# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEITH TODD JACKSON,**

    **Plaintiff,**

**v.**                                                 **Case No: 6:14-cv-1997-Orl-18KRS**

**MAGICAL CRUISE COMPANY, LIMITED,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AGREED SECOND REVISED MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 39)**
>
> **FILED:** April 20, 2016

## I. BACKGROUND.

Plaintiff Keith Todd Jackson, individually and as the guardian of M.A.J., his minor child, filed suit against Defendant Magical Cruise Company, Limited, asserting a claim for negligence. Doc. No. 6. The parties represent that M.A.J. was injured on a cruise when her right long and ring fingers were caught in a door of a ship. Doc. No. 39, at 3. She was diagnosed with distal fractures and lacerations on those fingers, and she underwent an operation on her right long finger to reconstruct its tip. *Id.* She also subsequently underwent some therapy. *Id.*

On April 20, 2016, Plaintiff filed the instant motion, requesting that the Court approve a settlement reached by the parties, direct M.A.J.'s father to maintain a custodial account for M.A.J.,

and require that the net settlement funds be deposited into said account and thereafter used or maintained for the sole benefit of M.A.J. until M.A.J. reaches the age of majority. Doc. No. 39. The parties submitted a fully executed copy of their settlement agreement with the motion. Doc. No. 39-1. Defendant agrees to the requested relief. Doc. No. 39, at 3.

The motion has been referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II. DISCUSSION.

The instant motion presents two issues that require resolution before the Court approves the parties' settlement agreement. First, the Court must determine whether the appointment of a guardian ad litem is necessary to protect M.A.J.'s interests. Second, the Court must assess whether the settlement agreement is in the best interests of M.A.J. I will address each of those issues in turn.

### A. *Whether the Court Should Appoint a Guardian ad Litem.*

The Eleventh Circuit has determined that "the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)) (internal quotation marks omitted). However, a guardian ad litem is not required in all cases. *Id.* Rule 17(c)(1)(A) provides that a general guardian may bring suit on a minor's behalf. In such a situation, "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. When a minor is represented by a parent who is a party to the lawsuit and has the same interest as the child, there is generally no conflict of interest. *Id.*

Here, Keith Todd Jackson brought suit on M.A.J.'s behalf, as her father. No facts have been presented to the Court that would suggest that the interests of M.A.J. and her father conflict. Moreover, no facts have been presented suggesting that M.A.J.'s father is incapable of adequately representing M.A.J.'s interests. Accordingly, the Court need not appoint a guardian ad litem at this time.

  *B. Whether the Court Should Approve the Parties' Settlement Agreement.*

Florida law "requires court approval of any settlement after an action is commenced involving a ward."[1] *Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d Dist. Ct. App. 1992) (citing Fla. Stat. § 744.387(3)(a)). Court approval requires a determination that the settlement "will be for the best interest of the ward." Fla. Sta. § 744.387(1); *see also Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th Dist. Ct. App. 2002). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013). "[O]nly the failure of the agreement to protect the interest of the minor constitutes

---

[1] In *Meyers v. United States*, Magistrate Judge Smith set forth a thorough analysis concerning the circumstances in which a federal court should approve a settlement filed on a minor's behalf. No. 6:13-cv-1555-Orl-41TBS, 2014 U.S. Dist. LEXIS 137276 (M.D. Fla. Sept. 5, 2014), *adopted by* 2014 U.S. Dist. LEXIS 137277 (M.D. Fla. Sept. 29, 2014). He observed that federal law does not establish a standard that the Court must apply in determining whether to approve a settlement reached on a minor's behalf. *Id.* at *6–7. In that circumstance, a court could choose to adopt state law, rather than craft a uniform federal rule. *Id.* at *7 (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728 (1979)). Judge Smith determined that federal courts should follow Florida law in applying Section 744.387(3)(a), Florida Statutes, "as a matter of judicial policy," noting that "Florida law requires court approval of all settlements involving a minor for the settlement to be effective." *Id.* at *8–9 (quoting *Kimbell Foods*, 440 U.S. at 728, and *Reed ex rel. Reed v. United States*, 891 F.2d 878 881 n.3 (11th Cir. 1990)). I adopt the same reasoning here.

a legitimate basis for refusal to approve the settlement under this statute." *Reed*, 891 F.2d at 881 n.3.

The parties represent that they only settled the matter after "completion of M.A.J.'s medical treatment for an injury allegedly sustained in the subject incident." Doc. No. 39, at 2. They indicate that although M.A.J. suffered distal fractures and lacerations on her fingers, underwent an operation to reconstruct the tip or her right long finger, and required some therapy, she experienced "an overall good recovery with no significant or substantial long-term limitations." *Id.* at 3. For its part, Defendant has denied any liability. *See* Doc. No. 16.

Under the settlement agreement, Defendant will pay $75,000.00 in exchange for a release of claims. Doc. No. 39-1, at 1–2. With attorneys' fees and costs taken into account, M.A.J. will ultimately receive over $43,000.00 of that sum. *Id.* The settlement was negotiated on M.A.J.'s behalf by competent counsel who were hired by M.A.J.'s father. M.A.J.'s father, who signed the agreement as M.A.J.'s guardian, also shares her interest in maximizing the settlement amount. After review of the settlement agreement, I discern no provisions that, under the circumstances of this case, render the agreement fundamentally unfair, unreasonable, or otherwise contrary to M.A.J.'s best interests.[2] Moreover, there is no evidence of collusion between the parties. Under these circumstances, I see no reason to believe that the parties' settlement agreement is not in M.A.J.'s best interests.

---

[2] An earlier version of the settlement agreement contained a provision permitting the parties to amend the agreement in writing at any time. I informed the parties that the possibility of subsequent amendments that would evade Court review prevented the Court from finding that the agreement would protect the best interests of M.A.J. Doc. No. 38. In response, the parties removed the provision from the current agreement.

**III.   RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** Plaintiff's Agreed Second Revised Motion for Approval of Settlement (Doc. No. 39);

2. **APPROVE** the settlement agreement reached by the parties (Doc. No. 39-1); and

3. **ORDER** Keith Todd Jackson to maintain a custodial account for M.A.J. and to deposit the net settlement funds received by M.A.J. into said account, which funds shall thereafter be used and maintained for the sole benefit of M.A.J. until M.A.J. reaches the age of majority.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 22, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record